# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4298 | **DATE** | 9-6-2011 |
| **CASE TITLE** | Darell Wayne Bolden (#2009-0063329) v. Superintendent Reyes, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff Darell Wayne Bolden's motion to proceed *in forma pauperis* [4] is granted. However, this case is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. Bolden's motion for appointment of counsel [5] is denied as moot. Civil case terminated.

■ [For further details see text below.]    Docketing to mail notices.

## STATEMENT

    Plaintiff Darell Wayne Bolden, a pre-trial detainee in the Cook County Department of Corrections, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging inadequate access to the law library to prepare for his underlying criminal case. Bolden alleges that Defendants have not followed the Cook County Department of Corrections policy with respect to granting him access to the law library and allowing him to mail legal documents. Bolden also alleges he had a court order stipulating that he was to be granted access to the law library, but that he was told by law library staff that he still needed to seek permission to visit the library. Doc. 1, p. 14, ¶ 1. Bolden alleges he had a court date on June 7, 2011, in his underlying criminal case, and that Defendants' actions prevented him from adequately preparing his case. *Id.*, p. 14, ¶ 2. Bolden additionally alleges that he was lied to by Miss Bogan, the law librarian, about having "money on the books" to prevent him from using postage to send out documents. *Ibid*.

    Bolden's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Bolden is assessed an initial partial filing fee of $1.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Bolden's trust fund account and to pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Bolden's place of confinement is directed to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Bolden's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10, until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Bolden's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Bolden is transferred from the jail to another correctional facility.

    Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. Here, even accepting the complaint's factual allegations as true, the complaint fails to state a claim as a matter of law.

**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

  Initially, it is unclear whether Bolden's criminal case is still pending or if the instant case was filed after a conviction. The complaint alleges Bolden had a trial scheduled on June 7, 2011. It further alleges that the state court provided Bolden with an order granting him access to the law library to prepare his criminal defense. The complaint does not, however, make any allegation as to the outcome of the June 7, 2011 court proceeding. Either way, Bolden cannot proceed with his claims in this Court. If this criminal case is still pending, this court must abstain, as federal courts may not interfere with pending state criminal proceedings except in special circumstances, and only after the party has exhausted state court remedies. *See Younger v. Harris*, 401 U.S. 37 (1971); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973). The *Younger* abstention doctrine applies where a defendant in a state criminal case seeks § 1983 relief in federal court for alleged constitutional violations relating to his criminal case. *See Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995). The purpose is to avoid "potential federal-state friction." *Ibid*. If Plaintiff's criminal case is pending, a ruling by this court on Plaintiff's § 1983 claims would interfere with the state court's handling of the state case.

  If, by contrast, Bolden has been convicted and the instant suit seeks damages for denial of adequate law library access during the litigation of his criminal case, he still cannot proceed with this case. A § 1983 claim for damages for a constitutional violation relating to criminal proceedings cannot proceed if a favorable ruling would call into question the validity of a conviction. Before proceeding with such a claim, the conviction must be declared invalid on direct review, in a collateral proceeding, or by some other means. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Walden v. City of Chicago*, 391 F.Supp.2d 660, 675 (N.D. Ill. 2005). Bolden is alleging that although he had an order from the state court, he had limited access to the law library and was unable to mail out legal documents. To succeed on a claim of denial of access to the courts, Plaintiff must establish "prejudice suffered because of the defendants' alleged conduct." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (quoting *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003)). A ruling for Bolden by this court on his claims would call into question the validity of his conviction, a result that Bolden cannot seek until his conviction has been reversed on appeal or otherwise declared invalid.

  The suit is subject to dismissal on a separate and independent ground. The complaint affirmatively pleads that Defendants' actions "could" have made a difference in Bolden's criminal case. The Seventh Circuit has held that when a plaintiff pleads speculative harm and not actual prejudice in access-to-courts cases, dismissal is appropriate because the absence of an actual or imminent injury—as opposed to a merely speculative future one—would deprive federal courts of jurisdiction under Article III. *See Marshall*, 445 F.3d at 969-70; *Lewis v Casey*, 518 U.S. 343, 351 (1996). As Bolden has not alleged any actual prejudice relating to any limitations Defendants placed on his access to the law library and the mail, he has failed to state a claim.

  For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. If Bolden wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Bolden does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *See Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may accumulate an additional "strike" pursuant to 28 U.S.C. § 1915(g).